IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID AND RUTH M. FULLER,<br><br>Plaintiffs,<br><br>vs.<br><br>BRENT H. BARTHOLOMEW, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br>Case No. 2:13-CV-375 TS |

This matter is before the Court on two Motions to Dismiss filed by Defendants in this case. For the reasons discussed below, the Court will grant the Motions.

I.  BACKGROUND

This case arises out of a dispute that began in Utah state court. Plaintiffs are the grandparents of certain minor children. In June 2004, Plaintiffs filed a petition in the Fourth District Juvenile Court alleging that the children's mother was abusing or neglecting them. In 2005, the parties reached a stipulated agreement which resulted in an Order of Final Disposition. As part of the Order of Final Disposition, the parties agreed that the minor children would have no contact with an individual named Kirk Myers or his family. The Order of Final Disposition

allowed for the dismissal of the petition in the juvenile court. Additionally, the Order of Final Disposition could be enforced by the filing of an Order to Show Cause in the district court by the Guardian Ad Litem. If the Guardian Ad Litem was no longer representing the children, one of the parties would be required to petition the court for the appointment of a Guardian Ad Litem.

In June 2011, Plaintiffs filed a Motion for Order to Show Cause Re: Contempt of No Contact Order in the juvenile court. Plaintiffs sought enforcement of the no contact order, arguing that the children's parents should be held in contempt for allowing contact between the children and Kirk Myers.

The juvenile court found that it lacked jurisdiction to consider the Motion for Order to Show Cause and transferred the matter to the district court. That issue was appealed to the Utah Court of Appeals, which upheld the decision of the juvenile court. The Utah Court of Appeals held that

> if Grandparents seek to enforce the provisions of the 2005 order, they must comply with the terms of the order by either requesting the Guardian Ad Litem to file an order to show cause or, if no Guardian Ad Litem is currently representing the children, by petitioning the district court for appointment of a Guardian Ad Litem. . . . If Grandparents seek to pursue their claim that the no contact provisions were inappropriately modified or removed by the district court because Grandparents' consent was not obtained, that claim must be presented to the district court where the modification occurred.[1]

Plaintiffs followed this advice and sought enforcement of the no contact order in the district court. The district court ultimately ruled that the no contact order was void and unenforceable, that Plaintiffs had no standing in the underlying divorce action, and that

---

[1] *In re J.F.*, 264 P.3d 553, 555 (Utah Ct. App. 2011).

domesticating the juvenile court order or assigning a new case number was not legally appropriate. Plaintiffs appealed the order of the district court, which is currently pending before the Utah Court of Appeals.

Plaintiffs brought this action against a number of individuals, including state court judges and commissioners, as well as the Guardian Ad Litem, asserting various claims. At the heart of Plaintiffs' claims is their allegation that Defendants conspired together to convince them to settle the underlying petition through the Order of Final Disposition, which included the no contact provision. Plaintiffs argue that Defendants "concocted [this] plan" all the while knowing that the no contact order would not be enforced, to the detriment of Plaintiffs and their grandchildren.[2]

## II. MOTION TO DISMISS STANDARDS

A challenge to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may take one of two forms. First, a party may bring a facial attack, which "looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[3] Second, a party may bring a factual attack, which "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[4]

Where, as here, the challenge is a factual attack, "a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional

---

[2] Docket No. 1, at 5.

[3] *Muscogee (Creek) Nation v. Okla. Tax Comm'n,* 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[4] *Id.* (citation omitted).

facts under Rule 12(b)(1)."[5] Such consideration "does not convert the motion to a Rule 56 motion."[6] Rather, a court is only "required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."[7]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[8] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[9] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10]

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the

---

[5] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[6] *Id*.

[7] *Id*.

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[12]

As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[13]

### III.  DISCUSSION

Defendants seek dismissal of the claims against them on a number of different grounds.  For the reasons discussed below, the Court agrees that the claims against Defendants must be dismissed.

A.   ABSTENTION

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' claims, at least to the extent Plaintiffs seek enforcement of the no contact order.  Defendants argue that such claims are barred by either *Rooker-Feldman* or *Younger* abstention doctrines.

The *Rooker-Feldman*[14] doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered

---

[12] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[13] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

[14] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

before the district court proceedings commenced."[15] "This doctrine has a narrow scope, however, and applies only when a state court judgment is final."[16] As indicated, Plaintiffs' appeal of the state district court's decision on the no contact order is currently pending before the Utah Court of Appeals. Therefore, Plaintiffs' claims concerning the enforcement of the no contact order are not barred by *Rooker-Feldman* because the state court proceedings are not final.

Defendants further argue that Plaintiffs claims are barred by the *Younger*[17] abstention doctrine. "The Supreme Court has established three factors to be relevant to our decision as to whether abstention is required under *Younger*."[18] The Court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicates separately articulated state policies."[19] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[20]

---

[15]*Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted).

[16]*Morkel v. Davis*, 513 F. App'x 724, 727 (10th Cir. 2013).

[17]*Younger v. Harris*, 401 U.S. 37 (1971).

[18]*Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006).

[19]*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quotation marks and citation omitted).

[20]*Id*.

Considering these factors, the Court finds that it lacks jurisdiction to consider Plaintiffs' claims to the extent those claims seek enforcement of the no contact order. First, there is an ongoing state proceeding concerning the no contact order. As stated, Plaintiffs' appeal of the district court's order invalidating the no contact order is pending before the Utah Court of Appeals. Second, the state court provides an adequate forum to hear the claims related to the enforceability of a state court order. Third, the state proceedings involve important state interests as the underlying state case involves both interpretation of state court orders and issues of child custody.

Plaintiffs assert that at least one exception to *Younger* abstention applies here. There are three narrow exceptions to *Younger* abstention: (1) bad faith or harassment, (2) prosecution under a statute that is flagrantly and patently unconstitutional, or (3) other extraordinary circumstances that involve irreparable injury.[21] Plaintiffs arguments seeking to invoke an exception to *Younger* abstention are bound up in their general allegations that Defendants conspired together to nullify the no contact order. As will be discussed, these allegations are merely conclusory and, therefore, do not avoid *Younger* abstention. Therefore, the Court lacks jurisdiction to hear Plaintiffs' claims seeking to enforce the no contact order. The Court will, however, consider Plaintiffs' claims to the extent they do not seek enforcement of the no contact order.

---

[21] *Younger*, 401 U.S. at 50.

B.     STANDING

Defendants next argue that Plaintiffs lack standing. "To demonstrate standing, a plaintiff must allege actual or threatened personal injury, fairly traceable to the defendant's unlawful conduct and likely to be redressed by a favorable decision of the court."[22]

Defendants argue that Plaintiffs lack standing because any injury is traced to the grandchildren, not Plaintiffs, because it is the grandchildren who have had contact with allegedly unsavory individuals. However, Defendants ignore that Plaintiffs were the ones who brought the petition in juvenile court alleging that the children's mother was abusing or neglecting the grandchildren. Further, Plaintiffs were among the parties that reached an agreement, including the no contact order, which resulted in the Order of Final Disposition. Based upon this, the Court finds that Plaintiffs have sufficiently alleged that they have been harmed by the invalidation of the no contact order. Therefore, there are sufficient allegations to demonstrate standing.

C.     JUDICIAL IMMUNITY

Defendants Davis, Noonan, and Patton are state court judges who presided over the various state court proceedings detailed above. Defendants argue that they are entitled to absolute immunity.

"A long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[23]  The same is true for commissioners.[24] The Supreme

---

[22] *Foremaster v. City of St. George*, 882 F.2d 1485, 1487 (10th Cir. 1989).

[23] *Mireles v. Waco*, 502 U.S. 9, 9 (1991).

[24] *Thomas v. Palacios*, 73 F.3d 374, at *1 (10th Cir. 1995) (unpublished) ("Judges and individuals performing judicial and quasi-judicial functions are entitled to absolute immunity.").

Court has recognized that "[a]though unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[25]

Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[26] This immunity can be overcome only when a judge either (1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction.[27] Acts outside a judge's judicial capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[28]

In this case, Defendants Davis, Noonan, and Patton were all acting in their respective roles as state court judges and commissioners. Plaintiffs allege that Defendants should not be entitled to immunity because they acted outside their jurisdiction. However, the allegations to support this assertion are merely conclusory and need not be accepted. Therefore, the Court finds that Defendants Davis, Noonan, and Patton are entitled to absolute immunity and the claims against them will be dismissed.

---

[25]*Mireles*, 502 U.S. at 9 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[26]*Id*. (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[27]*Id*. at 11-12.

[28]*Id*. at 12.

D.     GUARDIAN AD LITEM

Defendant Bartholomew is the Guardian Ad Litem who assisted in the development of the Order of Final Disposition.  Defendant Bartholomew argues that he is not a state actor under 42 U.S.C. § 1983 and is entitled to quasi-judicial immunity.

The Tenth Circuit has held that "guardians ad litem are not state actors for purposes of § 1983."[29]  Plaintiffs argue that Bartholomew became a state actor when he conspired with the other Defendants.  However, the allegations used to support a conspiracy claim are deficient.  The Tenth Circuit has held that "[w]hen a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."[30]  Because there are no facts to support the alleged conspiracy, the Court will dismiss Plaintiffs' § 1983 claims against Bartholomew.

In addition, this Court has held that "[a] guardian ad litem is entitled to absolute quasi-judicial immunity from suit for conduct within the scope of his or her duties as a guardian ad litem."[31]  Plaintiffs argue that Defendant Bartholomew was acting outside the scope of his duties and was not advocating on behalf of his clients.  However, this argument rests upon Plaintiffs' conclusory and unsupported allegations that Defendant Bartholomew conspired with

---

[29] *Morkel v. Davis*, 513 F. App'x 724, 730 (10th Cir. 2013).

[30] *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).

[31] *Gallacher v. Kisner*, 2009 WL 2058432, at *7 (D. Utah 2009); *see also Bolin v. Chavez*, 24 F. App'x 936, 940 (10th Cir. 2001).

the other Defendants to nullify the no contact order.  Since there are no factual allegations to support this claim, the Court finds that Defendant Bartholomew is entitled to quasi-judicial immunity and will dismiss the claims against him.

E.  STATE OF UTAH, FOURTH DISTRICT COURT, AND OFFICE OF THE GUARDIAN AD LITEM

Defendants State of Utah, Fourth District Court, and Office of the Guardian ad Litem seek dismissal, arguing that they are not state actors.  The Tenth Circuit has held that "[n]either the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[32]

Plaintiffs seemingly agree that the State of Utah, the Fourth District Court, and Office of the Guardian ad Litem are not "persons" for purposes of § 1983.  Plaintiffs appear to argue that the claims against these entities should be construed as claims against the individual Defendants in their official capacities.

"In *Ex parte Young*, the Supreme Court carved out an exception to Eleventh Amendment immunity for suits against state officials seeking to enjoin alleged ongoing violations of federal law."[33]  While "[t]he *Ex parte Young* doctrine operates as an exception to the general rule of sovereign immunity that states may only be sued with their consent," Plaintiffs have not

---

[32]*Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995).

[33]*Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1155 (10th Cir. 2011).

presented sufficient allegations to proceed on this basis.[34] Specifically, Plaintiffs have not alleged an ongoing violation of federal law. Therefore, any claim against Defendants in their official capacity fails.

In addition, Plaintiffs seek to bring claims against the municipal Defendants under a theory of respondeat superior. The Supreme Court has limited the liability of municipalities under § 1983, stating that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."[35] "Instead . . . [the Court has] required a plaintiff seeking to impose liability on a municipality to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."[36]

A policy can be based on the decisions of "officials whose acts may fairly be said to be those of the municipality."[37] However, it is not enough to identify conduct properly attributable to the municipality.[38]

> The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.[39]

---

[34] *MCI Telecomms. Corp. v. Pub. Serv. Comm'n of Utah*, 216 F.3d 929, 939 (10th Cir. 2000) (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

[35] *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

[36] *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

[37] *Id*. at 403-04.

[38] *Id*. at 404.

[39] *Id*.

Plaintiffs have made no such showing here. Therefore, the claims against these entities must be dismissed.

D.     JAY JENSEN AND ACAFS

Defendants Jay Jensen and ACAFS seek dismissal on a number of grounds. Plaintiffs identify Defendant Jensen as "a practicing custody evaluator and operator of a non-profit service organization utilized extensively (and sometimes exclusively) by the Fourth District Family Courts systems for parent-children exchanges and other family legal services in Utah County."[40] Plaintiffs further allege that "Dr. Jensen and ACAFS (Utah Academy) was a provider enjoying several forms of exclusive use by Commissioner Patton and the Fourth District Court."[41] Though less than clear, it appears that Dr. Jensen conducted a custody evaluation in the underlying divorce case. Plaintiffs allege that Dr. Jensen was aware of wrongdoing by certain individuals. Plaintiffs further allege that Dr. Jensen was part of the conspiracy at issue in their Complaint.

Reviewing these allegations, the Court finds that they fail to state a claim against Defendant Jensen and ACAFS. While Plaintiffs generally allege that Defendant Jensen was a part of the conspiracy, this is a conclusory allegation that need not be accepted. There are simply no allegations that support any cause of action against Jensen and ACAFS. Therefore, they will be dismissed.

---

[40] Docket No. 1, at 4.

[41] *Id.* at 5.

IV. CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 8 and 12) are GRANTED. The Court further finds that allowing amendment would be futile. Therefore, the Clerk of the Court is directed to close this case forthwith.

DATED   October 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge