IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID AND RUTH M. FULLER,<br><br>Plaintiffs,<br><br>v.<br><br>BRENT H. BARTHOLOMEW, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN TIME FOR FILING APPEAL<br><br><br>Case No. 2:13-CV-375 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion to Reopen the Time for Filing Appeal. The Court construes this Motion as one brought pursuant to Federal Rule of Appellate Procedure 4(a)(6) and, for the reasons discussed below, will grant the Motion.

I. BACKGROUND

Plaintiffs filed this action on May 28, 2013. On October 21, 2013, the Court entered a Memorandum Decision and Order granting Defendants' Motions to Dismiss. Judgment was entered on October 22, 2013.

Plaintiffs represent that they called the Court on March 10, 2014, to determine the status of the case. Plaintiffs were then provided a copy of the Court's October 21, 2013 Memorandum Decision and Order on March 13, 2014. Plaintiffs assert that they did not receive notice of the Court's decision prior to this date, and there is no evidence to the contrary. On March 24, 2014, Plaintiffs filed the instant Motion and filed a Notice of Appeal.

1

## II. DISCUSSION

Federal Rule of Appellate Procedure 4(a)(6) provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
(C) the court finds that no party would be prejudiced.

It is undisputed that the first two conditions are satisfied here. Thus, the issue becomes whether Defendants will be prejudiced if the appeal period is reopened.

Defendants argue that they will be prejudiced if the appeal period is reopened. Specifically, Defendants assert that they have an interest in the finality of the judgment and have since moved on from this case. However, Defendants do not provide any specific explanation as to how they would be prejudiced.

The Advisory Committee Notes explain that "[b]y 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."[1] The Advisory Committee Notes go on to explain that "[p]rejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal."[2]

In this case, the Court finds that Defendants have failed to show prejudice. The only prejudice Defendants have alleged is the type of prejudice that is inherent in every appeal.

---

[1] Fed. R. App. P. 4 advisory committee's note.
[2] *Id.*

According to the Advisory Committee Notes, such a showing is insufficient under the Rule. Therefore, the Court finds that the conditions of Rule 6(a)(6) have been met.

Defendants also argue that the Court lacks jurisdiction to consider Plaintiffs' Motion because Plaintiffs filed a Notice of Appeal. However, the Court notes that the Tenth Circuit Court of Appeals has abated the proceedings in that appeal "pending the district court's ruling on [Plaintiffs'] motion."[3]

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Reopen the Time for Filing Appeal (Docket No. 26) is GRANTED. The time to file an appeal is reopened for 14 days from the date of this Order. The Clerk of the Court is directed to transmit a copy of this Order, together with a copy of any related docket entries, to the Tenth Circuit Court of Appeals.

DATED this 17th day of April, 2014.

BY THE COURT:

Ted Stewart
United States District Judge

---

[3] Docket No. 31, at 1.